MCGREGOR W. SCOTT
United States Attorney
HENRY Z. CARBAJAL III
DAVID L. GAPPA
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PARAMJIT SINGH MANGAT, and<br>JESUS JAVIER HERNANDEZ-HERRERA,<br><br>Defendants. | CASE NO. 1:18-cr-00056 LJO-SKO<br><br>STIPULATION TO CONTINUE STATUS CONFERENCE; FINDINGS AND ORDER<br><br>DATE: April 29, 2019<br>TIME: 1:00 p.m.<br>JUDGE: Hon. Sheila K. Oberto |

**STIPULATION**

The United States of America, by and through its counsel of record, and defendants, by and through their counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on March 18, 2019 at 1:00 p.m.

2. By this stipulation, defendants now move to continue the status conference until **April 29, 2019 at 1:00 p.m.** before Judge Oberto, and to exclude time between the date of this stipulation and April 29, 2019 under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv). The government joins in this request.

3. The parties agree and stipulate, and request that the Court find the following:

1

a. The government has represented that the discovery associated with this case currently includes over 12,000 pages of Bates stamped discovery, including items seized by search warrant, investigative reports and related documents. This discovery has been either produced directly to counsel and/or made available for inspection and copying.

b. Counsel for defendants, and specifically counsel for defendant Mangat, desire additional time in preparation of this case. Counsel for defendant Mangat previously requested electronic copies of digital devices seized by search warrant and has been waiting for fulfillment of the discovery request. After some delay in copying the requested material, the government is processing the material for production and will produce the requested material within the next few days. In light of the supplemental discovery production, counsel for defendant Mangat is requesting continuance of the status conference to review the production. The earliest next convenient date for the parties, Court and Court interpreter is April 29, 2019. Defense counsel further needs additional time to conduct investigation, review supplemental discovery, communicate with their clients, and have settlement negotiations with the government. Thus, the requested continuance will conserve time and resources for the parties and the Court. The parties understand that on April 29, 2019, the Court will expect the parties to select a trial date or indicate the case will be resolved by change of plea.

c. Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. The government, and counsel for defendant Hernandez-Herrera, do not object to, and agree with, the requested continuance.

e. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date

prescribed by the Speedy Trial Act.

  f. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of the date of this stipulation to April 29, 2019, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

  4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

  IT IS SO STIPULATED.

DATED: March 14, 2019

/s/David A. Torres
DAVID A. TORRES
Counsel for Defendant
PARAMJIT SINGH MANGAT

DATED: March 14, 2019

/s/Monica L. Bermudez
MONICA L. BERMUDEZ
Counsel for Defendant
JESUS JAVIER HERNANDEZ-HERRERA

DATED: March 14, 2019

/s/ Henry Z. Carbajal III
HENRY Z. CARBAJAL III
Assistant United States Attorney

3

**O R D E R**

For the reasons set forth in the parties' Stipulation and due to the unavailability of a Punjabi language interpreter on March 18, 2019, the status conference in this case shall be continued to April 29, 2019, at 1:00 p.m. It is further ordered that time be excluded in the interests of justice based on the grounds set forth in the parties' Stipulation, through and including the continued status conference date of April 29, 2019, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (7)(B)(iv), as the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial.

The parties SHALL be prepared to select a mutually agreeable trial date on April 29, 2019.

IT IS SO ORDERED.

Dated: **March 14, 2019**        /s/ *Sheila K. Oberto*
                                UNITED STATES MAGISTRATE JUDGE